## No. 830

### WISHNER v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6043. Decided May 4, 1925

1235. VERDICT—Court clearly within his rights in doing his duty in the administration of justice to have jury correct verdicts inadverdently signed by them before they separated.

VICKERY, J.

Frank Wishner was indicted on two counts in the Cuyahoga Common Pleas. One for stealing an automobile and the other for operating an automobile without the consent of the owner. The case was submitted to the jury who were instructed that if they brought in a verdict before the following day to seal and hand it to the clerk.

On the next day the sealed envelope containing two verdicts was read by the court and one read as follows:

"We, the jury in this case being duly impaneled and sworn, do find defendant, Frank Wishner, guilty of automobile stealing as charged in the first count and we do not find him guilty of any other offense as charged in the indictment." The substance of the second verdict was that the jury found Wishner guilty of operating a motor vehicle without consent of owner and not guilty of any other offense charged in the indictment.

It is apparent that the jury found Wishner guilty of both offenses and they had acquitted him of having committed each of the two offenses charged in the indictment. The jury were instructed to return a proper verdict; and one of guilty of operating a motor vehicle without the consent of the owner was returned. Counsel for Wishner moved that inasmuch as the jury had found him not guilty under each count of the indictment that he be discharged. Defendant was sentenced to the reformatory upon the verdict returned.

Error was prosecuted and it was urged that the court by sending back the jury to correct the verdict violated the statute which provides that the jury must be kept together after the case is submitted to them until they render a verdict or are otherwise discharged; and the effect of these two papers was that the jury did not sign or agree upon a verdict at all, and, therefore, they had separated in violation of law, and the Court of Appeals held:

1. The trouble with Wishner's claim is that the verdict just as equally convicted him of both charges and therefore it is manifestly impossible, under the verdicts as originally returned, to either find him guilty or innocent.

2. If the court could not correct the verdict or have the jury correct it, it would be impossible to receive a verdict except in open court, and it is not necessary to do that in the administration of the law. For all intents and purposes the statute was complied with.

3. The jury was kept together until they had reached a verdict, and it was an inadvertance on part of the jury that they signed both of the papers, and the court was clearly within his rights to have the jury correct them before they were separated.

Judgment affirmed.

Attorneys—W. K. Gardner for Wishner; E. C. Stanton for State; both of Cleveland.